WARREN HOLCOMB and CASSIE ANN WOMBLES v. GEORGE PRESSLEY and GERTRUDE PRESSLEY, Appellants.

In Banc, November 20, 1923.

1. **CONVEYANCE: By Infant Married Woman: Disaffirmance.** A deed executed by an infant married woman stands on precisely the same footing as a deed by any other. Her deed is voidable only, and the title passed by it remains in the grantee until some clear act of disaffirmance is done by her after she reaches legal age; and one method of disaffirmance is the bringing of a suit, and another is by deed.

2. ———: ———: ———: **Married Woman's Act.** Although an infant and married when she executed her deed in 1880, the female grantor, upon reaching legal age, although still under coverture, could have maintained a legal action to cancel said deed under the Married Woman's Act (Sec. 6864, R. S. 1889) at any time after 1889.

3. ———: ———: ———: ———: **Limitations: Tolling Statute.** Section 1879, Revised Statutes 1909, barring an action to recover land or the possession thereof unless brought within ten years, applied only to possessory actions, and Section 1881, which was a tolling statute and extended the limitation of Section 1879 as to married women, likewise applied to possessory actions. Neither has any reference to other statutes or to other kinds of actions, and neither after 1889 excused a married woman who had previously reached legal age from disavowing her deed previously made.

4. ———: ———: ———: ———: ———: **Deed Made in 1880.** The female grantor made her deed in 1880. She was then an infant and married, and has ever since remained under the disability of

coverture. In 1919, or thirty-nine years after its execution, she filed her deed of disaffirmance, and then brought this ejectment. *Held*, that in view of the Statute of Limitations (Sec. 1305, R. S. 1919) and the tolling statute extending the limitation as to married women (Sec. 1881, R. S. 1909), both of which apply only to possessory actions, and the Married Woman's Act (Sec. 6864, R. S. 1889) giving to a married woman the same right to sue as a *feme sole*, there were more than ten years before her written disaffirmance in which she could have adopted means to disavow her deed which would have been within the terms of the married woman's statutes, and her disaffirmance came too late and she is not entitled to recover.

Appeal from Lincoln Circuit Court.—*Hon. Edgar B. Woolfolk*, Judge.

REVERSED (*in part*).

*Creech & Penn* for appellants.

(1) The time allowed for disaffirmance of the deed made by respondent is ten years after she reached her majority. Peterson v. Laik, 24 Mo. 544; Huth v. Railway, 56 Mo. 209; Harris v. Ross, 86 Mo. 89; Lacy v. Pixler, 120 Mo. 388; Linville v. Greer, 165 Mo. 398; Parrish v. Treadway, 267 Mo. 91. (2) In any event the deed should have been disaffirmed within ten years from the passage of the Married Woman's Act of 1889. Secs. 7323, 7328, R. S. 1919; Parrish v. Treadway, 267 Mo. 91. (3) The title to the lands in suit devolved upon Cassie Ann Wombles prior to the passage of the Married Woman's Act of 1889, and the husband was instantly vested with the right of possession, but was postponed until the falling in of the homestead interest by the death of the widow, then the husband's grantees became entitled to the possession. Vannata v. Johnson, 170 Mo. 274; Arnold v. Willis, 128 Mo. 145; Powell v. Powell, 267 Mo. 117; Flesh v. Lindsay, 115 Mo. 1; Leete v. Bank, 115 Mo. 184; Powell v. Bowen, 279 Mo. 280; Herridon v. Yates, 194 S. W. 48; Graham v. Ketchum, 192 Mo. 29; Babcock v. Adams, 196 S. W. 1119.

301 Mo.—14.

*Robert L. Sutton, Grover C. Huston* and *Derwood E. Williams* for respondents.

(1)   A married woman is not required to disaffirm her deed made during minority, nor is she estopped for failure to do so until the disabilities of both infancy and coverture are removed.   Linville v. Greer, 165 Mo. 398; Lindell Real Estate Co. v. Lindell, 142 Mo. 77; Throckmorton v. Pence, 121 Mo. 50; Bobb v. Taylor, 184 S. W. 1029; Stull v. Harris, 51 Ark. 294; Richardson v. Pate, 93 Ind. 423; Applegate v. Conner, 93 Ind. 185; Wilhite v. Hamrick, 92 Ind. 594; Sims v. Smith, 86 Ind. 577; Sims v. Pardoner, 86 Ind. 87; Stringer v. Life Ins. Co., 82 Ind. 100; Amey v. Cockey, 73 Md. 297; Scanlan v. Wright, 13 Pick. 523; Walton v. Gaines, 94 Tenn. 420; Dodd v. Benthal, 4 Heisk. 601; Scott v. Buchanan, 11 Humph. 468; Darraugh v. Blackford, 84 Va. 509; Wilson v. Branch, 77 Va. 65; Elliott v. Machine Co., 236 Mo. 554; Barnhardt v. Perry, 276 Mo. 625.   (2)   An infant remainderman, who makes a deed of conveyance during minority, is under no obligations to take any action to disaffirm the deed before the life-tenant's death and a failure to do so does not put the late infant in any legal default.   Shipp v. McKee, 80 Miss. 741.   (3)   Mere silence, acquiescence, or omission to act, however long continued, is not an affirmance.   Linville v. Greer, 165 Mo. 398; Youse v. Norcum, 12 Mo. 549; Huth v. Carondolet, 56 Mo. 210; Stull v. Harris, 51 Ark. 294; Tucker v. Moreland, 10 Pet. 75, 76; Jackson v. Carpenter, 11 Johns. 542; Drake v. Ramsay, 5 Ohio 252, 254.   (4)   The Statute of Limitations does not run against anyone who has no right of possession, and where there is an outstanding life estate all the authorities agree that during the continuance of such life estate the remainderman cannot maintain an action for possession and the Statute of Limitations is not set in motion during the continuance of such life estate.   Littleton v. Patterson, 32 Mo. 357; Carr v. Dings, 54 Mo. 95; Miller v. Bledsoe, 61 Mo. 96; Dyer v. Brannock, 66 Mo. 422; Brown v. Moore, 74 Mo. 633; Linville v. Greer, 165

Mo. 380; Givens v. Ott, 222 Mo. 422; Wofford v. Martin, 183 S. W. 603. (5) Lapse of time does not take away the right to disaffirm until the Statute of Limitations takes effect. Drake v. Ramsay, 5 Ohio, 254; Hughes v. Watson, 10 Ohio, 127; Cresinger v. Welch, 15 Ohio, 156; Peterson v. Laik, 24 Mo. 544; Harris v. Ross, 86 Mo. 101; Huth v. Carondolet, 56 Mo. 209; Lacy v. Pixler, 120 Mo. 388. (6) An ordinary suit in ejectment effects a disaffirmance of a deed made during infancy. Craig v. Van Beeber, 100 Mo. 589; Linville v. Greer, 165 Mo. 380; Harris v. Ross, 86 Mo. 89; Singer Mfg. Co. v. Lamb, 81 Mo. 220. (7) No tender or return of the consideration is necessary in order to effectuate the disaffirmance of a deed made during infancy. Paul v. Smith, 41 Mo. App. 275; Coerner v. Wilkinson, 96 Mo. App. 510; Craig v. Van Beeber, 100 Mo. 589; Ridgeway v. Herbert, 150 Mo. 606; Lacy v. Pixler, 120 Mo. 388.

GRAVES, J.—The petition in this case in two counts. The first count is an ordinary petition in ejectment for two-thirds of two small tracts of land in Lincoln County. The second count is the usual petition to quiet title to the same lands.

The answer to each count is practically the same, except as to the second count the answer of defendants asks that the title be ascertained and declared to be in them. By the answer it is averred (1) that defendants admit possession, and deny that plaintiffs are entitled to possession; (2) that plaintiff Cassie A. Wombles executed a deed to her third of the land to John W. Foreman, through whom they claim title, and the said Cassie A. Wombles is estopped from now claiming title, and further has been guilty of laches in not previously asserting her claim of title under the pleaded facts; and (3) that the plaintiff Warren Holcomb and wife conveyed their interest in said lands to one Mary A. Koster, but by error of the scrivener the land was described as Range 1 East, when it should have been Range 1 West; that this was a mutual mistake of fact by the parties, and that both the grantors and

grantee intended to and understood that they had conveyed lands involved in this suit and not lands in Range 1 East; that Holcomb did not own any lands so located, but did own and intend to convey the lands involved here; that defendants claim title by *mesne* conveyances from the said Koster, and hold their title by the entirety, created by their deed.

The reply of plaintiff Cassie Ann Wombles pleaded that she was a minor at the making of the alleged deed, and at the time was a married woman, and has been a married woman ever since, and that by reason of her minority her alleged deed was void. The record shows no reply by Warren Holcomb.

Upon trial the court found that Cassie A. Wombles was the owner of one-third of the lands, and defendants the owners of two-thirds of the lands; that plaintiff Holcomb had no interest therein. On the ejectment count of the petition the court found for Cassie A. Wombles for said one-third interest so decreed to her under the second count of the petition. Holcomb abided the judgment of the court. From the judgment against them and in favor of the plaintiff Cassie A. Wombles, the defendants have appealed.

Harding Holcomb, who died in 1877, is the admitted common source of title. At his death he left, as his only heirs, Leonard Holcomb, Cassie Ann Wombles, Warren Holcomb and his widow, Nancy J. Holcomb. The lands involved in this suit and other lands were set off to the widow in a partition suit in 1881. She conveyed to Foreman her dower and homestead interest by warranty deed, and Foreman and his grantees have occupied it ever since. Nancy J. Holcomb died in 1916. Other matters can be noted in the opinion.

I.    Much is said in the brief upon the insufficiency of the evidence to establish the fact of the minority of plaintiff, Cassie Ann Wombles, at the making of the deed in November, 1880. Connected with such contention are questions as to the competency of evidence offered as tending to show that fact. With the

Double Disability.

views we have of this case we shall not go into these matters. For the purpose of the present case we shall proceed upon the theory that she was both a minor and married at the making of the deed. These two disabilities (infancy and coverture) may be concurrent, but they serve different purposes. [14 R. C. L. sec. 14, p. 230.] Thus it is by this authority said:

"Hence a deed executed by an infant *feme covert* pursuant to the statutory requirements stands on precisely the same footing as a deed executed by an infant *feme sole*. The deed is not binding, nor is it void; but it is voidable. But if she convey the land after reaching full age, in full compliance with the statutes enabling a married woman to convey, her deed will be effectual either to ratify or to avoid the deed made during infancy."

In 8 R. C. L., p. 950, it is thus stated: "The disabilities of coverture and infancy are separate and independent, and the mere fact that both occur in connection with the same act does not give either of them any greater or less force than each would have separately."

It has been ruled in this State, Norcum v. Sheahan, 21 Mo. 25, that the husband and wife, who deeded the wife's land during her minority, could either affirm or disaffirm the deed by a deed after she reached her majority. The making of a deed is but one method of affirming or disaffirming a deed made during minority. Other acts of the minor after reaching majority would be just as effective. What the wife may do toward disaffirming is, in many instances, dependent upon statutes. But these matters we will consider later. In this case the plaintiff in 1919, or thirty-nine years after the making of her deed to Foreman, executed and spread of record a deed of disaffirmance. What she did then could have been done many years prior thereto. At the present and under this point we purpose to rule the exact status of her deed of 1880. This status is clearly stated in 8 R. C. L., p. 949, thus:

"But the decided weight of authority now is that any deed of an infant is voidable only, so that the title passes by it and remains in the grantee until some clear act of

disaffirmance is done by the grantor after coming of age. No distinction is made on account of sex, and the disability of a female infant is not affected by marriage. How far subsequent marriage of a female infant grantor extends the time within which she may disaffirm her deed is treated elsewhere, as are also the necessity for disaffirmance in general and the subject of the contracts of infants for necessaries.''

After a review of our case law we so ruled in Parrish v. Treadway, 267 Mo. 91. The plaintiff's (Cassie Ann Wombles') deed was not void, but only voidable, and was subject to her affirmance or disaffirmance after her majority. One method of disaffirmance is the bringing of a suit, and the suit in this case would serve the purpose if the act was timely. Suing is not the only method of disaffirmance. But this and other matters we take next.

II.  Since 1889 this plaintiff, although under coverture, has had the right to sue.  [Sec. 6864, R. S. 1889.]

Disaffirmance: Limitations. This plaintiff could at least have taken legal action for the cancellation of her deed under this statute at that time.

We are cited to a line of cases in possessory actions ruling that a married woman was not compelled to bring such possessory action until she become discovert. My individual views upon that subject have been expressed in some of our recent cases, but I do not urge them here. [See Powell v. Bowen, 279 Mo. l. c. 298.]  Suffice it to say that my views evidently resulted in the passage of a new section in 1919.  [Laws 1919, p. 496.]

What I now say is, that those cases, now cited and relied upon by respondent, were cases seeking possession of lands.  In other words they were possessory actions. The Statute of Limitations as to real actions, Section 1305, Revised Statutes 1919, is in broad terms and would bar a married woman from bringing the suits therein mentioned.  This was Section 1879 of Revised Statutes 1909.  Prior to the Act of 1919, supra, we had Section 1881, Revised Statutes 1909, which was a tolling statute and extended the time limit of Section 1879 of Revised

Statute 1909 (now Sec. 1305, R. S. 1919) as to married women, and other named persons. But while all this is true, as urged by the cases cited by respondent, and fully discussed in Powell v. Bowen, supra, yet it must be remembered that both of these statutes (the section creating the limitation, and the section tolling that section as to married women) refer solely to possessory actions. As to other acts or actions they have no reference. The tolling statute (Sec. 1881, R. S. 1909) specifically limits its virtues or vices, which ever they be, to actions under "this article specified" and the article deals solely with possessory actions for real estate.

As said these are the matters discussed in the cases relied upon by the respondent. While it is true that an action in ejectment is one method of disaffirming a deed made during minority, yet it is not the only method. It can be done by deed. [Norcum v. Sheahan, 21 Mo. 25.] The statutes named, supra, and the cases ruling upon them, would not excuse the married woman after 1889 from not disavowing her prior deed, in some way other than by suit in ejectment. She could have, after reaching her majority, notified the grantee in such deed that she disaffirmed it, and had such notice acknowledged and the service thereof spread of record. She could have executed the very instrument she did execute and had spread of record in this case, and thus have disaffirmed it, provided it had been timely done.

Save and except possessory actions for real estate, the tolling statute furnishes this plaintiff no protection. The disaffirmance of a deed can be done in several ways which do not fall under this or any other tolling statute. Under the Revised Statutes of 1909, relating to limitations in personal actions, there is a tolling statute, Section 1894, which is now Section 1323, Revised Statutes 1919. This tolling statute, like the other one mentioned, limits it to actions "in this article specified," and nothing in this article precludes a minor, upon reaching his or her majority, from disaffirming a deed by some act or deed to which this tolling statute would not apply.

In Parrish v. Treadway, 267 Mo. l. c. 101, we said: "The facts in the case as above indicated make it unnecessary for us to discuss the question as to whether or not under the Married Woman's Act as it stood when this deed was made, coverture would have been a good excuse for not disaffirming the deed. We leave that mooted question to a case where it becomes vital."

We had ruled in a previous part of the opinion that the disaffirmance must at least come within ten years. That such ruling was based upon court-made law, and not upon Statutes of Limitations. We had demonstrated just prior to the remarks quoted, supra, that even under the Statute-of-Limitation theory the plaintiff in that case become discovert more than ten years prior to the action then under review. We had also ruled that the right to disaffirm accrued at the date of majority. But we left open the mooted question presented now as the vital issue of the present case. In our judgment there are methods and means of disaffirming a deed, which do not fall within any tolling statute of the State These things a married woman could do, and should do in the interest of exact justice in the matter of conveying real estate.

Take the case before us. For thirty-nine long years the record title to this land was apparently in defendants. Suddenly, like a bolt of lightning from a clear sky, the plaintiff tells them that she was a minor and married when she made the deed of 1880, and then proceeds with disaffirmance both by deed, or written instrument, and suit. This should not be the law, and in view of all our statutes, we conclude is not the law. That for more than ten years prior to this action, and prior to her written disaffirmance, this married woman could have adopted means to disaffirm, which would have been within the terms of the married woman's statutes, and which means would not have fallen within the protection of any tolling statute as to married women, or within the decisions of this court thereon. Some of the means or methods of disaffirmance we have suggested.

The judgment is reversed, and the cause remanded, with directions to the trial court to enter up judgment for the defendants as against Cassie Ann Wombles, as well as against her co-plaintiff. All concur, except *James T. Blair, J.,* who dissents.